**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

FILED
JAMES BONINI
CLERK

'05 SEP 14 A 10:16

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
| Plaintiff, | : | CASE NO. C-1-03-847 |
| | : | JUDGE BECKWITH |
| v. | : | |
| CARL MCCLURE, | : | |
| Defendant. | : | |

**STIPULATION AND ORDER OF PERMANENT INJUNCTION
(DEFENDANT CARL MCCLURE)**

Plaintiff DIRECTV, Inc. ("DIRECTV"), and defendant Carl McClure (the "Defendant"), stipulate and agree that the Court may enter the following Permanent Injunction without further notice or process:

1. The Defendant, and each and every person or entity controlled directly or indirectly by the Defendant, is hereby permanently enjoined and restrained from:

   (a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

   (b) designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing, selling, or using any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

   (c) advertising the sale of any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof; or

    (d)  reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitation the encryption and security controls for the DIRECTV satellite system.

  2.  This Permanent Injunction shall apply to the Defendant's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

  3.  The Defendant, and each and every person or entity controlled directly or indirectly by the Defendant, is hereby permanently enjoined and restrained from:

    (a)  investing or holding any financial interest in any enterprise which the Defendant knows is engaging now, or planning in the future to engage in, any of the activities prohibited by this Permanent Injunction; or

    (b)  knowingly allowing any persons or entities, which the Defendant controls, either directly or indirectly, to engage in any of the activities prohibited by this Permanent Injunction.

  4.  In the event that the Defendant becomes aware that an enterprise, in which the Defendant has invested or holds any financial interest, is engaged in any of the activities prohibited by this Permanent Injunction, the Defendant agrees to immediately divest the Defendant of any such investment or financial interest and to promptly notify DIRECTV of the same.

  5.  The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction. The Defendant specifically consents to personal jurisdiction and venue in the United States District Court for the Southern District of Ohio.

  6.  Upon proof of any violations by the Defendant of the provisions of this Permanent Injunction, and upon notice to the defendant and an opportunity to be heard, the Court

shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Permanent Injunction, in addition to any other damages or other relief authorized by law.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Carpenter & Lipps LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100 (Telephone)
(614) 365-9145 (Facsimile)
wallace@carpenterlipps.com

Attorney for Plaintiff
DIRECTV, Inc.

/s/ Gregory M. Wetherall
Gregory Weatherall (0067307)
4030 Mt. Carmel – Tobasco Road
Suite 122
Cincinnati, Ohio 45255
(513) 528-0200 (Telephone)
(513) 528-1762 (Facsimile)
gw@gw-law.net

Attorney for Defendant
Carl McClure

IT IS SO ORDERED.

DATED: Sept. 14th, 2005.

_____
The Honorable Sandra S. Beckwith
United States District Judge

419.253.173254

3